UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES S. FELKNOR                    CIVIL ACTION NO. 11-cv-2041

VERSUS                              JUDGE HICKS

ROBERT H. FELKNOR, ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

James Samuel Felknor has filed several prior civil actions against family members, law enforcement officials, landlords, and others with whom he has had various disagreements. The string of frivolous suits led the court to order in Felknor v. Felknor, 10-cv-1020, that the Clerk of Court decline to file any civil complaint submitted by Plaintiff unless the complaint was first presented to a district judge and the judge specifically authorized in writing that the complaint may be filed.[1]

---

[1] Many of the more than a dozen frivolous suits filed by Plaintiff were listed in 11-cv-0822 at Doc. 45. They include Felknor v. Tallowood Apartments, et al, 08-cv-1092 (alleging claims under the ADA and Constitution based on various disputes between Plaintiff and an apartment manager regarding parking spots, air conditioning, and other issues); Felknor v. Federal Express, et al 08-cv-1095 (asserting claims under the ADA, Fair Housing Act, and Constitution related to the mistaken delivery of a package to Plaintiff); Felknor v. Bossier Parish, et al 08-cv-1097 (alleging claims under the Constitution and ADA based on law enforcement efforts to retrieve the package that was mistakenly delivered to Plaintiff); Felknor v. Felknor, et al, 10-cv-0463 (asserting claims against a host of defendants under the Fair Housing Act based on Plaintiff's insistence that he, rather than other relatives, is entitled to his late mother's home); Felknor v. Heritage Properties, Inc., et al, 10-cv-0397 (asserting claims under the Constitution and Fair Housing Act based on the eviction of Plaintiff's friend from her apartment, and

The court recently allowed Plaintiff to commence a civil action, despite the ban, because Plaintiff said that he wished to overturn a guilty plea made in a state court criminal case, which sounded in the nature of a petition for a writ of habeas corpus. Despite Plaintiff's history of frivolous litigation, the court did not wish to impede his ability to seek habeas relief if warranted. Plaintiff then proceeded to demonstrate that the focus of the action was the defamation claims presented so often in his prior suits, not relief from any state court criminal conviction. There was also no indication that Plaintiff exhausted his state court remedies with respect to any conviction before he filed the petition for habeas relief. For those reasons, the civil action was dismissed without prejudice. See Felknor v. Felknor, 11-cv-0822.

---

Plaintiff's related disagreements with the apartment complex management); Felknor v. Felknor, et al, 10-cv-1020 (alleging that the same three defendants named in this case spread a rumor that Plaintiff is a child molester); Felknor v. Social Security, 10-cv-2573 (unsuccessful pro se appeal of a Social Security disability benefits decision); Felknor v. Felknor, 10-cv-1259 (complained of the same events raised in 10-cv-1020; dismissed by Chief Judge James for lack of subject-matter jurisdiction); Felknor v. Felknor, 10-CA-31042 (affirming dismissal in 10-cv-1259 and cautioning Plaintiff that additional frivolous appeals will invite sanctions); Felknor v. U.S.A., 10-cv-1399 (contesting denial of veteran's benefits; dismissed by Chief Judge James for lack of jurisdiction and lack of authorization by a district judge); Felknor v. U.S., 10-CA-31013 (affirming dismissal in 10-cv-1399 and warning that continued filing of frivolous motions and other pleadings in the appellate or district court will invite the imposition of sanctions); Felknor v. Felknor, 11-cv-1430 (asserting claims that family members spread rumors that Plaintiff is a child molester and interfered with Plaintiff's ability to inherit from his mother; complaint stricken by Chief Judge James); and Felknor v. Felknor, 11-cv-1488 (alleged relatives, the Air Force, VA, and others defamed Plaintiff and did not inform him of the severity of his injuries; complaint stricken by Chief Judge James).

Plaintiff has continued to press the same old claims, and he has continued to take advantage of the loophole created by the court's generosity by submitting his allegations on forms designed for filing a petition for writ of habeas corpus. He recently commenced this action on a habeas petition, as well as a virtually identical "petition" pending before Judge Foote in Felknor v. Felknor, 11-cv-1991. It is recommended, for the reasons that follow, that this petition be dismissed.

**Analysis**

A person who is in custody pursuant to a state court criminal conviction may petition a federal court, under 28 U.S.C. § 2254, for habeas corpus relief on the ground that he is in custody in violation of the Constitution or laws of the United States. A habeas petitioner must exhaust his state remedies by pursuing his claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004). The court may raise the lack of exhaustion sua sponte, Woodfox v. Cain, 609 F.3d 774, 792 (5th Cir. 2010), and the opportunity to file objections following this recommendation will satisfy any due process concerns. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

Petitioner presents his petition on a form provided by the court that asks for information about the conviction at issue and the related exhaustion process. Petitioner stated that he was confined at the same address he lists as his home address, which is a

private address and not that of a prison or jail. Plaintiff alleged in 11-cv-1991 that he was confined in "my home." He lists the following (alleged) convictions on his petition: breaking and entering, child molestation, and remaining after being forbidden.

In 11-cv-1991 Plaintiff said he had actually been convicted of only a "remaining after being forbidden" conviction in a parish court. He mentioned, as he has in so many of his filings, that he believed some people consider him a child molester, but Plaintiff admitted in that case that he has never even been charged with such a crime.

Plaintiff stated in the petition in this case that he did not appeal any judgment of conviction. When asked if he pursued any other state-court remedies concerning a judgment of conviction in a state court, Plaintiff checked no and did not otherwise identify any state-court appeal or post-conviction application proceedings. The petition names as respondents several of Plaintiff's relatives with whom he has had various disputes, the Bossier Parish sheriff, and a deputy sheriff.

To the extent Plaintiff's submission can be construed as a petition for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust state court remedies. The same recommendation has been made in 11-cv-1991.

**Conclusion**

The undersigned noted in a recent case that Plaintiff had been warned time and time again, and he has been banned from filing without prior consent of a district judge, but it has done little or nothing to deter his filing of frivolous civil actions and motions. Plaintiff was

warned that if he filed one more frivolous civil action that was assigned to this judicial officer, it would be recommended that Plaintiff be sanctioned to pay not less than $5,000.

It is not, however, recommended that any monetary sanctions be imposed at this time because, frankly, the undersigned is now convinced that Plaintiff is a mentally ill pauper and is not deterred by such sanctions. He will not pay them but will keep submitting "habeas petitions" on a regular basis. The existing ban on filing without prior permission will be effective to stop such frivolous actions if the court revisits the policy that exempts any document labeled as a petition for writ of habeas corpus. If a review of the submission shows no indication of exhausted claims related to a state court conviction, the submission should be rejected summarily. If Plaintiff were to exhaust his state court remedies with respect to an actual conviction, the court could consider allowing the petition to proceed.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's petition be **dismissed without prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of December, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE